UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DELTONA TRANSFORMER CORPORATION, a Florida Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE NOCO COMPANY, an Ohio corporation,<br><br>Defendant. | Proceedings in the United States District Court for the Middle District of Florida, Case No. 6:19-cv-00308-CEM-LRH<br><br>Case No. 2:20-cv-1012-RSM<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION AND TO OVERRULE OBJECTIONS OF AMAZON.COM, INC. IN REFERENCE TO PLAINTIFF'S SUBPOENA FOR DOCUMENTS**<br><br>**NOTE ON MOTION CALENDAR:<br>July 3, 2020** |

REPLY IN SUPPORT OF MOTION TO COMPEL SUBPOENA
CASE NO. 2:20-CV-1012-RSM -

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

188204\00002\111871581.v3

**INTRODUCTION**

On June 15, 2020, Plaintiff Deltona Transformer Corporation ("DTC") filed a Motion to Compel ("Motion") non-party Amazon.com, Inc. ("Amazon") to produce documents responsive to three document requests (Request No.'s 6, 7, and 11) in DTC's Fed. R. Civ. P. Subpoena ("Subpoena").[1]  Dkt. #1.  As explained in the Motion, DTC worked at Amazon's request to reduce the burden of responding to the Subpoena.  As to DTC's Request No.'s 6 and 7, DTC seeks ***only 52 reports***[2] for advertisements that have already been collected by Amazon.  *Id.* at p. 6.  Amazon merely needs to email such documents to DTC.  As to Request No. 11, Amazon represented to this Court that it intends on producing documents, but has not yet done so.  Dkt. #2 at pp. 4-5.  There is no reason for Amazon's further delay and the Court should order Amazon to produce the missing information immediately.

On June 29, 2020, Amazon filed its opposition to DTC's Motion advancing two arguments against production of the 52 reports responsive to Request No.'s 6 and 7:

(1) that the responsive documents are in the possession of the defendant in the Underlying Litigation; and

(2) that there is an unspecified historical "undue burden" that Amazon incurred to identify the 52 reports such that it should not now have to produce them to DTC.

Dkt. #2 at pp. 2-3 ("Opposition").  Neither argument justifies Amazon's withholding responsive documents.

The court in the Underlying Litigation already compelled NOCO to produce all documents that contain "Battery Tender."  Reply Declaration of Alex L. Braunstein ("Reply Decl.") at ¶¶5-6, Ex. A at 54:4-20.  NOCO thereafter represented to the court, and to DTC, that they have produced all documents in its possession that contain "Battery Tender."  *Id.*  As such,

---

[1] "ECF No _." As used herein refers to the docket entries for the underlying litigation pending in the United States District Court for the Middle District of Florida, Case No. 6:19-cv-00308-CEM-LRH ("Underlying Litigation").

[2] Each report consists of a performance report for an Amazon advertisement.  Each report is comprised of about four pages that show the campaign details (including the advertisement displayed to the public), and a summary page that show the metrics of the campaigns performance.

REPLY IN SUPPORT OF MOTION TO COMPEL SUBPOENA
CASE NO. 2:20-CV-1012-RSM - 1

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

188204\00002\111871581.v3

Amazon's claim that the reports are in the possession of NOCO is unfounded. In fact, Amazon does have the documents. In addition, in discussing burden, Amazon points to historical tasks but identifies no specific time or expense to be incurred in the matter of emailing the documents to DTC.

Accordingly, this Court should compel Amazon to produce the mere 52 advertisements reports that Amazon already collected as responsive and the missing information it has represented to this Court that it intends on producing. There is no basis for Amazon's continuing delay.[3]

## REPLY ARGUMENT& AUTHORITY

### I.   NOCO Claims That It Does Not Have The Requested Documents

Amazon asserts that NOCO is in possession of the requested documents. Thus, Amazon claims that DTC's request is therefore "cumulative and duplicative." Dkt. #2 at p. 2. Amazon's assertion is not supported by the facts.

NOCO initially produced only 16 reports for Amazon advertisements. Reply Decl. 2 at ¶3. DTC challenged NOCO's production as insufficient, pointing to advertisements in the Complaint for which reports had not been produced. The Court thereafter compelled NOCO to produce all documents that contain "Battery Tender." *Id.* at ¶¶ 4-6.

Giving context to that order of the court, Magistrate Judge Leslie R. Hoffman stated to NOCO's counsel during the hearing on that issue on December 3, 2019 that:

> We have a Lanham Act case saying that ["Battery Tender"] is a trademark. . . . And so, therefore, unfortunately, if it has that trade -- if it has the mark[, "Battery Tender"] in it, ***it's going to need to be produced*** unless you submit a motion for protective order and provide to me some information or an explanation as to why it is not relevant, what is the harm to producing it.

---

[3] DTC expects that, despite Amazon's delay, Amazon has complied with its duty to preserve the documents responsive to the Subpoena, including the reports and the data contained therein, in the original form and that it has not allowed NOCO alter the advertisements in any way to obstruct DTC's claims against it, which could subject Amazon to further sanctions under applicable law.

REPLY IN SUPPORT OF MOTION TO COMPEL SUBPOENA
CASE NO. 2:20-CV-1012-RSM - 2

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

188204\00002\111871581.v3

> Again, we have a confidentiality agreement in place here. You can designate things as attorney eyes only, and that will avoid Deltona from seeing these materials.

*Id*. at Ex. A at 54:4-20 (emphasis added).

NOCO represented to the court, and to DTC, that they **have produced** all documents in its possession that contain "Battery Tender." *Id.* at ¶¶ 4-6. Specifically, following the order of the court, NOCO completed the production of only a total of *24 reports* for Amazon advertisements that contained "Battery Tender." Dkt. #1 at pp. 4-5; *see also* Reply Decl. 2, at ¶5, Ex. B. Following such production, NOCO filed a notice of compliance with the above-noted order stating that it "has complied with the Order entered December 4, 2019, requiring NOCO to produce certain documents and to unredact and produce other certain documents." ECF No. 64, 68.

Notwithstanding the above representations, Amazon has now confirmed that there a total of at least *52 reports* that exist for NOCO's advertisements which contain "Battery Tender." While neither DTC nor Amazon have actual knowledge of whether NOCO was truthful in making the above representations (*i.e.*, that they only have the 24 reports), one thing is clear: DTC and Amazon both know that *Amazon does have all 52 reports.*

Amazon's speculative statements that *NOCO* has equal access to the documents are therefore contradicted by the evidence, and the Court should reject them.

II. **Amazon Faces No Burden To Produce Reports Searched For And Identified For Production**

Other than counsel's bare conclusory allegation, Amazon has not provided any evidence to support its claim that producing the 52 advertising campaigns, which it has *already* identified, will require any *additional* time or expense whatsoever. In particular, in its Opposition, Amazon's counsel represents in its declaration that it:

- "undertook substantial efforts *to consult*" internally concerning running a search for reports that contained DTC's trademark; and

- "expended considerable resources *to identify* 52 . . . campaigns that contain 'Battery Tender.'"

REPLY IN SUPPORT OF MOTION TO COMPEL SUBPOENA
CASE NO. 2:20-CV-1012-RSM - 3

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

188204\00002\111871581.v3

Dkt. #3 at pp. 2-3 (emphasis added).  These statements indicate that any burden Amazon claims with respect to the Subpoena has already been incurred in Amazon's pre-search consulting and running of a single search for the BATTERY TENDER® trademark at issue in NOCO's advertisements.  There is no further burden as such actions have ***already*** been completed.

Amazon makes no reference whatsoever in its Opposition, or the declaration offered in support, ***as to what, if any, additional burden*** there will be for Amazon for it to now attach the documents to an email and send them to DTC.[4]  *See generally* Dkt. # 2, 3.  Amazon points to no additional time or expense to be incurred in such tasks.  *Id.*  Amazon has not met its burden to show, as required to preclude production, the manner and extent of the burden it would face in order to produce the 52 reports (likely a total of only around 100 pages).[5]

Amazon's further assertion that "[m]uch of the data sought may not be relevant" and that the parties "are far better equipped to make responsiveness and relevant determinations," should fall on deaf ears.  Dkt. #2 at p. 9.  The Underlying Litigation is a trademark case involving NOCO's infringement and unfair competition in NOCO's systematic and continuous use of DTC's trademark in various modes and mediums, including through Amazon advertisements.  The documents being sought are Amazon advertisement reports that contain

---

[4] In fact, DTC finds it difficult to imagine how printing and emailing 52 documents is ***more burdensome*** then Amazon's drafting and filing of, and research for, its 10-page opposition and the 3-page declaration in support.

[5] When determining whether a subpoena imposes an undue burden, courts within this district consider "the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Russell v. Zoellin*, 2019 WL 1989654, at *1 (W.D. Wash. May 6, 2019). "The party resisting discovery has the burden to demonstrate why discovery should not be permitted." *Id. See also Everest Indem. Ins. Co. v. QBE Ins. Corp.*, 980 F.Supp.2d 1273, 1277 (W.D. Wash. 2013) (stating that the party resisting production bears the burden to prove its reasoning for withhold production); *Century Commc'ns of Fla., Inc. v. Bright House Networks, LLC.*, 2010 WL 11597661, at *2 (S.D. Fla. Aug. 2, 2010) ("A person or entity claiming that a subpoena will subject it to an undue burden ***cannot rely on such a perfunctory assertion***; it must show clearly the manner and extent of the burden and the injurious consequences of the serving party's insistence on compliance with the subpoena.") (internal quotes omitted, emphasis added); *Gouse v. D.C.*, 359 F. Supp. 3d 51, 56 (D.D.C. 2019) (stating that courts routinely hold that the burden of proving that a subpoena is oppressive or unduly burdensome is on the party claiming the burden); *Speed Trac Techs., Inc. v. Estes Express Lines, Inc.*, 2008 WL 2309011, at *5 (D. Kan. June 3, 2008) ("A party asserting undue burden must present an affidavit or other evidentiary proof of the time or expense involved in responding to the subpoena.").

REPLY IN SUPPORT OF MOTION TO COMPEL SUBPOENA
CASE NO. 2:20-CV-1012-RSM - 4

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

188204\00002\111871581.v3

the trademarks and advertisements that are at issue.  Thus, the relevance of the documents being sought is plain.

Nonetheless, without any burden identified whatsoever, the plain relevance weighs in favor of Amazon's production.  DTC has done everything it can to reduce the burden on Amazon.  *See* Dkt. #1-2 at ¶¶ 5-8; Reply Decl. at ¶¶ 7-13.  Amazon should be required to produce the responsive documents.

## **CONCLUSION**

DTC respectfully requests that this Court grant the Motion to Compel and require Amazon to produce responsive documents.  DTC further requests an award of its reasonable attorneys' fees.

DATED this 2nd day of July, 2020.

FOX ROTHSCHILD LLP

*s/ Bryan J. Case*
Bryan J. Case, WSBA #41781

*Attorneys for Plaintiff*

REPLY IN SUPPORT OF MOTION TO COMPEL SUBPOENA
CASE NO. 2:20-CV-1012-RSM - 5

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

188204\00002\111871581.v3

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the State of Washington that on the date written below, I caused a true and correct copy of the foregoing to be delivered to the following parties in the manner indicated:

| Service List | |
|---|---|
| Ann K. Ford<br>Devika Persaud<br>John M. Nading<br>DLA Piper US, LLP<br>500 Eighth St. NW<br>Washington, DC 20004<br>Ann.ford@dlapiper.com<br>Devika.Persaud@dlapiper.com<br>John.nading@dlapiper.com<br><br>Lida Rodriguez-Taseff<br>DLA Piper US, LLP<br>200 S. Biscayne Blvd., Ste. 2500<br>Miami, FL 33131<br>Lida.Rodriguez-Taseff@dlapiper.com<br><br>*Attorneys for Defendant* | ☐ Via US Mail<br>☐ Via Messenger<br>☒ Via CM/ECF / Email<br>☐ Via over-night delivery |
| Deana Dong-Yun Ahn<br>Jim Howard<br>DAVIS WRIGHT TREMAINE LLP<br>920 Fifth Avenue, Suite 3300<br>Seattle, WA 98104<br>deanaahn@dwt.com<br>jimhoward@dwt.com<br><br>*Attorneys for Amazon.com, Inc.* | ☐ Via US Mail<br>☐ Via Messenger<br>☒ Via CM/ECF / Email<br>☐ Via over-night delivery |

Dated this 2nd day of July, 2020.

*Courtney R. Brooks*
Courtney R. Brooks
Legal Administrative Assistant

REPLY IN SUPPORT OF MOTION TO COMPEL SUBPOENA
CASE NO. 2:20-CV-1012-RSM - 6

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

188204\00002\111871581.v3