UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DELTONA TRANSFORMER CORPORATION, a Florida Corporation<br><br>Plaintiff,<br><br>v.<br><br>THE NOCO COMPANY, an Ohio Corporation,<br><br>Defendant. | CASE NO. C20-1012 RSM<br><br>ORDER GRANTING MOTION TO COMPEL<br><br>UNDERLYING ACTION:<br>Case No. 19-cv-308-CEM-LRH (M.D. Fla.) |

## I.   INTRODUCTION

Plaintiff Deltona Transformer Corporation ("DTC"), in the course of ongoing litigation in the United States District Court for the Middle District of Florida, subpoenaed certain records from Amazon.com, Inc. ("Amazon"), a third party. Amazon continues to object to the subpoena as unduly burdensome and maintains that it has otherwise satisfied its obligations under the subpoena. Dkt. #2. Finding that further compliance is required, the Court grants DTC's motion to compel.

## II.   BACKGROUND

DTC operates in the powersport, automotive, and marine industries. Most relevant here, DTC sells battery-related products using the trademarks DELTRAN BATTERY TENDER® and BATTERY TENDER.® Dkt. #1 at 2. DTC likewise claims federally registered and common law

ORDER – 1

rights to the use of those marks. *Id.* Defendant, The NOCO Company ("NOCO"),[1] began competing with DTC, but had difficulty establishing market share in the sale of battery-related products. Trying to establish market good will, DTC alleges that, NOCO began "a systematic, multi-year infringement" of DTC's trademarks. *Id.* After efforts to resolve the issues short of litigation, DTC filed suit in the United States District Court for the Middle District of Florida. *Deltona Transformer Corp. v. The NOCO Company*, Case No. 19-cv-308-CEM-LRH (M.D. Fla.). DTC pursued claims of trademark infringement, false designation, unfair competition, and deceptive acts and practices. Dkt. #1-4.

DTC seeks records relevant to that litigation from Amazon because DTC and NOCO directly competed on Amazon's marketplace selling battery chargers. Though the details are not well developed, Amazon appears to offer its sellers the opportunity to run targeted marketing campaigns. Competing businesses can bid on search terms and keywords that they believe will lead interested buyers to their products and increase sales. Here, DTC alleges that NOCO began to use "Battery Tender," "battery tender," or "tender" in its marketing and communications. DTC alleges that NOCO also began bidding for those search terms on Amazon to "advertise and promote its product under DTC's brand." Dkt. #1 at 4.

Eager to capture marketing budgets, Amazon provides sellers with metrics and reports demonstrating the success of different marketing campaigns. As an apparent customer itself, DTC knew that these reports would indicate the search terms bid upon and the sales attributable to the use of those search terms. Accordingly, DTC sought all relevant Amazon reports from NOCO. In response, NOCO provided 16 campaign performance reports that used "Battery Tender" or a confusingly similar variation of that mark. Dkt. #7 at ¶ 3. Unsatisfied with NOCO's

---

[1] NOCO has not appeared in this action.

ORDER – 2

production, DTC secured an order compelling further production, and NOCO "produced a total of 24 reports that had 'Battery Tender' in the campaign." *Id.* at ¶¶ 4–5; Dkt. #8. Of those, DTC maintains that half are incomplete despite NOCO stating "multiple times to DTC that it no longer had possession, custody, or control of copies of the 12 advertisements that were missing pictures." Dkt. #7 at ¶ 6. DTC further indicates that at some point "NOCO certified it had produced all documents containing 'Battery Tender.'" *Id.* at ¶ 7.

After DTC's unsuccessful efforts to obtain documents from NOCO which it believed existed, DTC continued to seek the records from Amazon. At issue are the following requests,[2] including Amazon's objections:

**REQUEST NO. 6**
All campaign performance reports for any of NOCO's campaigns or advertisements (including without limitation Product Display Ads (PDA) and Sponsored Product advertisements) on Amazon that contain the phrase "Battery Tender" or were displayed in connection with the keyword "Battery Tender".

**RESPONSE TO REQUEST NO. 6**
Amazon objects to the request as overbroad and unduly burdensome because it seeks "*[a]ll* campaign performance reports for any of NOCO's campaigns or advertisement [ ] on Amazon that contain the phrase 'Battery Tender' or were displayed in connection with the keyword 'Battery Tender'" without making any showing that such a broad demand cannot be reasonably narrowed to the issues in the litigation. *See* Fed R. Civ. P. 26(b)(1).

Amazon also objects to the use of vague and ambiguous terms and phrases in the request, including, but not limited to "campaign performance reports," and "the phrase 'Battery Tender'" without providing clarifying definitions or additional information to explain what exactly is sought or to identify the entity or products at issue.

---

[2] DTC's motion also sought, as a "placeholder," to compel production of documents reflecting sales revenue generated by NOCO's marketing campaigns or advertisements that contained "the phrase 'Battery Tender' or was displayed in connection with the keyword 'Battery Tender.'" Dkt. #1 at 9–10. Amazon's prior response apparently excluded the information for one product. However, all indications are that there is no ongoing dispute and that Amazon will produce the responsive documents. Dkt. #2 at 4–5. The Court trusts that an order of the Court is unnecessary.

ORDER – 3

1     **REQUEST NO. 7**

2         Copies of all advertisements (including without limitation Product Display Ads (PDA) and Sponsored Product advertisements) on Amazon placed by or for NOCO that contain the phrase "Battery Tender" or where displayed in connection with the keyword "Battery Tender".

4     **RESPONSE TO REQUEST NO. 7**

5         Amazon objects to the request as overbroad and unduly burdensome because it seeks "*all* advertisements [ ] on Amazon placed by or for NOCO that contain the phrase 'Battery Tender'" without making any showing that such a broad demand cannot be reasonably narrowed to the issues in the litigation. *See* Fed R. Civ. P. 26(b)(1).

        Amazon also objects to the use of vague and ambiguous terms and phrases in request, including, but not limited to, "advertisements," and "the phrase 'Battery Tender'" without providing clarifying definitions or additional information to explain what exactly is sought or identify the entity or products at issue.

Dkt. #3 at 12–13. Following Amazon's objections, Amazon and DTC engaged in an "extensive meet and confer process to discuss and negotiate the appropriate scope of [DTC's] requests." *Id.* at ¶ 4. Consistently throughout, Amazon maintained that it, as a nonparty, should not be forced to "produce information that is readily accessible to [NOCO]." *Id.* at ¶ 6. DTC kept Amazon apprised of its efforts to obtain the requested documents from NOCO directly, including its success in only obtaining 24 reports, 12 of which appeared incomplete. Dkt. #7 at ¶¶ 3–7. Through its preliminary efforts, Amazon has identified more than 4,000 campaigns by NOCO and has determined that 52 "contain 'Battery Tender' in the campaign name." Dkt. #3 at ¶ 13.

### III.   DISCUSSION

**A. Legal Standard**

Attorneys issuing subpoenas have a duty to "avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1). Upon receiving a subpoena, recipients may comply, object, or move to quash or modify the subpoena. FED. R. CIV. P. 45(d). A court is to quash or modify a subpoena that:

ORDER – 4

      (i) fails to allow a reasonable time to comply;

      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

      (iv) subjects a person to undue burden.

FED. R. CIV. P. 45(d)(3). A recipient who fails to obey a lawful subpoena without an adequate excuse may be held in contempt. FED. R. CIV. P. 45(g).

Subpoenas are further limited by the scope of discovery allowed under Federal Rule of Civil Procedure 26. Under that rule, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* The Rule makes clear that "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." FED. R. CIV. P. 26, Advis. Comm. Notes for 2015 Amends. Even where evidence is relevant and proportional, the Court may limit discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C)(i).

**B. Amazon's Compliance With the Subpoena Is Not an Undue Burden**

Amazon does not raise procedural objections to the subpoena and instead argues that further compliance with the subpoena constitutes an undue burden upon it. Amazon first argues that DTC has all the responsive documents because they were previously produced by NOCO. But this argument is clearly betrayed by the record, which indicates that NOCO provided DTC 24 reports for advertising campaigns, that Amazon has identified more than 4,000 advertising campaigns for NOCO, and that Amazon itself has identified 52 reports that appear responsive

ORDER – 5

1    due to their use of "Battery Tender." Amazon's argument that DTC has already obtained all

2    responsive documents within Amazon's possession is simply not credible.

3          Amazon next argues that DTC should be obtaining these documents from NOCO. As

4    DTC indicates, it has attempted to do so. DTC indicates that it previously compelled production

5    of these documents and that the Honorable Judge Leslie R. Hoffman, United States Magistrate

6    Judge for the Middle District of Florida, determined that documents containing the phrase

7    "battery tender" were relevant and within the scope of permissible discovery. *See* Dkt. #7-1

8    (partial transcript of proceedings before Judge Hoffman). Even so, Amazon argues, "NOCO

9    could easily pull and produce any of the campaigns that it has not yet produced, and which are

10   responsive and appropriately produced in the litigation."[3] Dkt. #2 at 5. But Amazon does not

11   clearly establish that the responsive records are within NOCO's possession, custody, or control.

12   Regardless, the Court finds that the judges of the Middle District of Florida are better positioned

13   to monitor NOCO's and DTC's on-going compliance with their respective discovery obligations.

14      **C. Motion to Seal**

15         In supporting its motion, DTC found it necessary to rely upon information that NOCO

16   had produced as "Confidential – Attorneys' Eyes Only" pursuant to the parties' Confidentiality

17   Agreement in the underlying action. Dkt. #8. In accordance with this Court's rules, DTC filed

---

[3] Amazon's legal argument in this regard has support. The Court agrees that where a party establishes that information is equally available from a party and a non-party, the non-party should not be inconvenienced. *See Arista Records LLC v. Lime Grp. LLC*, No. C10-2074MJP, 2011 WL 679490 (W.D. Wash. Feb. 9, 2011). And a party to the action should bear the burden of producing the information instead of a non-party where there is no evidence that the party cannot produce all relevant information. *See Campagnolo S.R.L. v. Full Speed Ahead, Inc.*, C08-1372RSM, 2010 WL 11527270 (W.D. Wash. Jan 4, 2010). But Amazon has not established that the information is equally available from NOCO and DTC establishes that NOCO has not produced all relevant information. Amazon's own inquiry identified 52 specific reports that were responsive to the request. Dkt. #3 at ¶¶ 13–17.

ORDER – 6

the documents under seal and concurrently filed a motion to maintain the documents under seal. Dkt. #5. The Court now denies that motion.

"There is a strong presumption of public access to the court's files." LCR 5(g). The party seeking to seal a judicial record must overcome the strong presumption of public access by establishing a "compelling reason" justifying sealing. *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978)). However, the trial court must articulate a "factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1179. Even after finding a compelling reason, "[t]he court must then 'conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Center for Auto Safety*, 809 F.3d at 1097 (quoting *Kamakana*, 447 F.3d at 1179) (alterations in original).

DTC's motion is brought pursuant to Local Civil Rule 5(g)(3). That rule provides, in relevant part:

> Where parties have entered a litigation agreement or stipulated protective order (*see* LCR 26(c)(2)) governing the exchange of discovery of documents that a party deems confidential, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above. Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion.

LCR 5(g)(3). As DTC was not the designating party, it deferred to NOCO to provide an appropriate factual basis to support sealing the documents. NOCO was afforded notice of the matter. Dkt. #5 at 2, 4. NOCO has elected not to respond. Lacking a factual basis to support sealing the records, the Court denies the motion to seal and orders the documents unsealed.

ORDER – 7

## IV.     CONCLUSION

Having reviewed DTC's motion to compel, DTC's motion to seal, the briefing of the parties, and the remainder of the record, the Court hereby finds and ORDERS that:

1. Plaintiff Motion to Compel Production and to Overrule Objections of Amazon.com, Inc. in Reference to Plaintiff's Subpoena for Documents (Dkt. #1) is GRANTED.

2. **No later than seven (7) days from the date of this Order**, Amazon.com, Inc., shall fully produce documents and communications responsive to Subpoena Request No. 6 as posed and Subpoena Request No. 7 as posed, including, but not limited to the 52 identified campaign performance reports.

3. Plaintiff Deltona Transformer Corporation's Motion to Seal (Dkt. #5) is DENIED. The Clerk shall immediately UNSEAL Exhibit B to the Declaration of Alex Braunstein (Dkt. #8).

Dated this 20th day of July, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE